IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **DWAYNE J. PERRY,** | § | |
| **TDCJ No. 02178002,** | § | |
| | § | |
| V. | § | A-21-CV-1159-RP |
| | § | |
| **BOBBY LUMPKIN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division.** | § | |

### ORDER

Before the Court is Dwayne J. Perry's ("Petitioner") pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), Respondent Bobby Lumpkin's Answer (ECF No. 8), and Petitioner's Reply (ECF No. 10). Petitioner has also filed a Motion Requesting the Court to Allow Petitioner to Enter 2254 Petition After 1-Year for the Purpose of Justice. (ECF No. 7.) For the reasons below, Petitioner's petition is dismissed with prejudice as untimely.

### I. Discussion & Analysis

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

1

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In October 2017, Petitioner was indicted with one count of continuous sexual abuse of a young child, two counts of aggravated sexual assault of a child, three counts of indecency with a child by contact, two counts of indecency with a child by exposure, and one count of sexual assault of a child. (ECF No. 9-12 at 4-7.) In January 2018, a jury convicted Petitioner of all nine counts and the court assessed punishment at ten years imprisonment for the counts of sexual assault of a child and indecency with a child by contact; five years imprisonment for the counts of indecency with a child by exposure; and twenty-five years imprisonment for the count of continuous sexual abuse of a child, with all sentences to run concurrently. *State v. Perry*, No. D-1-DC-17-904068 (147th Dist. Ct., Travis Cnty., Jan. 12, 2018). (ECF No. 9-13 at 3-27.) On August 13, 2019, Petitioner's conviction was affirmed on direct appeal. *Perry v. State*, No. 03-18-00078-CR, 2019 WL 3786568 (Tex. App.—Austin, Aug. 13, 2019, pet. ref'd). The Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review on November 20, 2019. *Perry v. State*, No. PD-1017-19 (Tex. Crim. App. Nov. 20, 2019). Petitioner did not file a petition for writ of certiorari in the United States Supreme Court. (ECF No. 1 at 3.)

For purposes of federal review, Petitioner's conviction became final ninety days later, on February 18, 2020, after the time for filing a petition for writ of certiorari had expired. *See* 28 U.S.C. § 2244(d)(1)(A) (judgment becomes final by the expiration of the time for seeking direct review); SUP. CT. R. 13.1 (a petition for a writ of certiorari to review a judgment entered by a state court of last resort is timely when filed within ninety days after entry of the judgment).

2

Petitioner therefore had until February 18, 2021, to file his federal habeas petition within the AEDPA limitations period; however, he did not execute his federal petition until November 28, 2021, over nine months later.

    *a. Statutory Tolling.* The AEDPA limitations period is tolled during the pendency of a properly filed state habeas corpus application. *See* 28 U.S.C. § 2244(d)(2). Petitioner executed his state habeas application on January 18, 2021. (ECF No. 9-26 at 13.) Between the date when Petitioner's judgment became final—February 18, 2021—and the date he executed his state habeas application, 335 days had passed, leaving Petitioner with thirty (30) days remaining in his AEDPA limitations period.

On September 29, 2021, the Texas Court of Criminal Appeals (TCCA) denied Petitioner's state habeas application on the findings of the trial court without a hearing and on the court's own independent review of the record. (ECF No. 9-20.) Accordingly, Petitioner's AEDPA limitations period expired thirty days later, on October 29, 2021. However, because Petitioner did not execute his federal petition until November 28, 2021, his federal petition is untimely by thirty days.

    *b. Equitable Tolling*. In his pending motion and his reply to Respondent's answer, Petitioner argues he is entitled to equitable tolling. "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Although the Fifth Circuit has permitted equitable tolling in certain cases, it requires a finding of "exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (finding exceptional circumstances in a case in which the trial court considering the petitioner's application under § 2254 granted the petitioner several extensions of time past the AEDPA

3

statute of limitations). The Fifth Circuit has consistently found no exceptional circumstances in other cases where petitioners faced non-routine logistical hurdles in submitting timely habeas applications. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (proceeding pro se is not a "rare and exceptional" circumstance because it is typical of those bringing a § 2254 claim). Equitable tolling therefore "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Here, Petitioner argues he diligently pursued his rights by seeking out an attorney to represent him on his state and federal habeas petitions, only to learn the attorney was not taking new cases for several months. Further, Petitioner argues he experienced an "exceptional circumstance" because he did not learn that his state application had been denied until he received notice from a family member on October 21, 2021. Petitioner then filed a motion for a time extension in the Eastern District of Texas on November 1, 2021, which was transferred to the Western District of Texas one month later and dismissed by this Court. *Perry v. Director, TDCJ-CID*, No.1:21-cv-1133-RP (W.D. Tex. December 15, 2021).

The Court concludes Petitioner is not entitled to equitable tolling. In terms of diligence, Petitioner waited 335 days before filing his state application for habeas corpus relief, thereby only leaving him with thirty days in his AEDPA limitations period. This delay alone weighs against a finding of diligence. The Fifth Circuit has held that a Petitioner who waited almost seven months before seeking state habeas relief was not diligent. *See Stroman v. Thaler*, 603 F.3d 299, 302-03 (5th Cir. 2010); *see also North v. Davis*, 800 F. App'x 211, 214-15 (5th Cir. 2020) (finding an "eleven-month delay in filing his initial state application weighs against a finding of diligence.") In his reply, Petitioner attached email correspondence between his

4

appellate attorney and a habeas attorney, and between his appellate attorney and his power-of-attorney. (ECF No. 10-1 at 3-7.) The last email in this correspondence is from September 15, 2020; Petitioner waited four more months before executing his state habeas application on January 18, 2021.

Even if the Court concluded Petitioner had been pursuing his rights diligently, he also fails to show that some exceptional circumstance stood in the way of him filing within the limitations period. Petitioner argues his failure to receive notice that his state application had been denied and the COVID-19 pandemic constitute exceptional circumstances. The record shows that, on September 2, 2021, Petitioner was transferred from the Michael Unit to the Coffield Unit. (ECF No. 8-1.) His state habeas application was then denied on September 29, 2021, but Petitioner alleges he did not receive the white card and was only notified when a family member alerted him through J-Pay on October 21, 2021. (ECF No. 10-1 at 2.) Petitioner argues it was through no fault of his own, but rather the internal mailing systems at the Michael and Coffield Units, that resulted in his untimely federal petition.

The Court disagrees. "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009). Here, Petitioner waited 335 days to file his state habeas application, and thus was on notice that he only had thirty days remaining on his AEDPA limitations period. Upon his transfer to the Coffield Unit, Petitioner failed to update his change of address with the TCCA, resulting in the white card being sent to the wrong address.[1] The Court concludes that the twenty-two (22) day delay in Petitioner receiving notice of his state

---

[1] In his reply, Petitioner states he did notify the TCCA, citing the Respondent's answer for support. (ECF No. 10 at 2.) Respondent has since notified the Court that this was a typographical error, and that Petition did not notify the TCCA of his change of address. (ECF No. 11.)

application's denial was of his own making, and therefore does not constitute an exceptional circumstance. Further, regarding Petitioner's argument that the COVID-19 pandemic constitutes an exceptional circumstance, Petitioner's allegations are general and conclusory, and he does not state exactly how pandemic-related restrictions and lockdowns actually prevented him from filing his federal petition within the limitations period. *See, e.g., Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) (holding that temporary denial of access to research materials or the law library were not extraordinary circumstances sufficient to warrant equitable tolling).

Finally, even if the Court were to grant Petitioner equitable tolling for the time period between September 29 and October 21, 2021, Petitioner's federal petition would still be untimely: in this scenario, Petitioner's federal petition would have been due on November 22, 2021, but, again, he did not execute it until November 28, 2021. The Court also finds it noteworthy that Petitioner was aware when he filed his state application in January 2021 that he only had thirty days remaining on his AEDPA limitations period, and yet, after learning of his state writ's denial, Petitioner still waited thirty-eight (38) days before filing his federal petition. As a result, Petitioner's appeal to equitable tolling is unavailing.

*c. Actual Innocence.* Petitioner also argues he is actually innocent of the convictions because the timeline specified in the indictment differs from the timeline in the jury charge. In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo*, 513 U.S. 298, 329 (1995). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that, in light of this new evidence, it is more likely than not that no juror,

acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *See Schlup*, 513 U.S. at 326-27 (1995); *see also House v. Bell*, 547 U.S. 518, 540-54 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup*). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623-24 (1998).

Petitioner's allegations regarding the indictment refer to legal sufficiency of his conviction, not factual innocence, and thus cannot support a gateway claim of actual innocence. Further, Petitioner has not shown that he could not have discovered the factual predicate of his claims earlier or that the claims concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Accordingly, Petitioner's federal petition for writ of habeas corpus is untimely and barred from federal habeas review by § 2244(d)(1).

## II. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a

petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's § 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not issue.

It is therefore **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

It is further **ORDERD** that Petitioner's Motion Requesting the Court Allow Petitioner to Enter 2254 Petition after 1-Year for the Purpose of Justice (ECF No. 7) is **DENIED**; and

It is finally **ORDERED** that a certificate of appealability is **DENIED**.

SIGNED this 13th day of April, 2022.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE